Ryan D. Bailey, Esq. (No. 036684)
Taylor W. Tondevold, Esq. (No. 032996)
STONE CANYON LAW, PLC
502 S. College Ave., Suite 205
Tempe, Arizona 85281
(480) 447-5357
docs@stonecanyonlaw.com
*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Bermudez,<br><br>       Plaintiff,<br><br>vs.<br><br>Custom Plumbing of Arizona, LLC, and Arizona Limited Liability Company; Vision Solar Arizona LLC, and Vincent Hils and Kim Hils, a married couple,<br><br>       Defendants. | Case No.: CV-22-00475-PHX-MHB<br><br><br>MOTION FOR LEAVE TO AMEND ANSWER AND ASSERT COUNTERCLAIMS |

Defendants Custom Plumbing of Arizona, LLC, an Arizona limited liability corporation, and Vincent and Kim Hils, by and through undersigned counsel, hereby files this Motion for Leave to Amend Answer and Assert Counterclaims. This Motion is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITY**

**I.        Overview**

Pursuant to Federal Rules of Civil Procedure, Rule 15(a)(2), Defendants wish to amend their Answer to the Plaintiff's Complaint and to assert counterclaims. Defendants' claims are compulsory, under Rule 13(a), and must be brought under the present action for Defendants to receive equitable relief. Defendants' claims against Plaintiff are for theft, conversion, and embezzlement, and are the basis for why Plaintiff's final paycheck was withheld, the sole reason for Plaintiff's claim. Defendants hired counsel after filing their original Answer, and since, attempts have been made to resolve the matter without further intervention from this Court. Defendants now seek to assert those counterclaims and have attached the proposed Amended Answer and Counterclaims with further detail regarding Defendants' claims and allegations.

## II.    Legal Analysis

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." Four factors are considered in determining if leave to amend should be granted: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). Here, Defendants claims arise from the same occurrence as the Plaintiff's claim and are the basis for why Plaintiff was not paid his final paycheck. Permitting Defendants to amend their Answer and assert counterclaims will not prejudice the opposing party, nor will it unduly delay the proceedings. Defendants amended answer and assertion of counterclaims would have already been filed, and within the permissive timeframe, had there not been discussions between both parties regarding settlement of this matter; thus, this Motion has not been brought in bad faith. Finally, Defendants' amendment will not be futile as it is necessary for Defendants to receive equitable relief and have their affirmative defenses heard.

### III.    Conclusion

Defendants have compulsory counterclaims that must be heard in the present action to be afforded equitable relief. The Defendants file this Motion in good-faith and request the Court to grant Defendants Motion for Leave to Amend Answer and Assert Counterclaims.

Respectfully submitted this 25th day of May, 2022.

**STONE CANYON LAW, PLC**
*/s/ Ryan D. Bailey*
Ryan D. Bailey, Esq. (No. 036684)
Taylor W. Tondevold, Esq. (No. 032996)
*Attorney for Defendants*