Ryan D. Bailey, Esq. (No. 036684)
Taylor W. Tondevold, Esq. (No. 032996)
STONE CANYON LAW, PLC
502 S. College Ave., Suite 205
Tempe, Arizona 85281
(480) 447-5357
docs@stonecanyonlaw.com
*Attorney for Defendants / Counterclaimants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Bermudez,<br><br>    Plaintiff,<br><br>vs.<br><br>Custom Plumbing of Arizona, LLC, and Arizona Limited Liability Company; Vision Solar Arizona LLC, and Vincent Hils and Kim Hils, a married couple;<br><br>    Defendants.<br>Custom Plumbing of Arizona, LLC, and Arizona Limited Liability Company; Vision Solar Arizona LLC, and Vincent Hils and Kim Hils, a married couple;<br><br>    Counterclaimants,<br><br>Martin Bermudez,<br><br>    Counter-Defendant. | Case No.: CV-22-00475-PHX-MHB<br><br><br>DEFENDANT'S FIRST AMENDED ANSWER AND COUNTERCLAIMS |

1

Defendants Custom Plumbing of Arizona, LLC, and Vincent and Kim Hils, by and through undersigned counsel, hereby files this First Amended Answer to Plaintiff Martin Bermudez's Complaint and responds as follows:

1. Paragraph 1 is a recitation of law and does not require admission or denial.
2. Paragraph 2 is a recitation of law and does not require admission or denial.
3. Paragraph 3 is a recitation of law and does not require admission or denial.
4. Paragraph 4 is a recitation of law and does not require admission or denial.

## JURISDICTION AND VENUE

5. Defendants admits the allegations in Paragraph 5 of the Complaint.
6. Defendants admits the allegations in Paragraph 6 of the Complaint.

## PARTIES

7. Defendants admit the allegations in Paragraph 7 of the Complaint.
8. Defendants admit the allegations in Paragraph 8 of the Complaint.
9. Defendants admit the allegations in Paragraph 9 of the Complaint.
10. Defendants admit the allegations in Paragraph 10 of the Complaint.
11. Defendants deny the allegations in Paragraph 11 of the Complaint.
12. Defendants deny the allegations in Paragraph 12 of the Complaint.
13. Defendants deny the allegations in Paragraph 13 of the Complaint.
14. Paragraph 14 is a statement and does not require Defendants to admit or deny.
15. Defendants deny the allegations in Paragraph 15 of the Complaint.
16. Defendants admit the allegations in Paragraph 16 of the Complaint.
17. Defendants admit the allegations in Paragraph 17 of the Complaint.
18. Defendants admit the allegations in Paragraph 18 of the Complaint.

19. Defendants admit the allegations in Paragraph 19 of the Complaint.

20. Defendants admit the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants admit the allegations in Paragraph 22 of the Complaint.

23. Defendants admit the allegations in Paragraph 23 of the Complaint.

24. Defendants admit the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

## **FACTUAL ALLEGATIONS**

27. Defendants deny the allegations in Paragraph 27 of the Complaint. Kim Hils is not an owner or operator of Custom Plumbing of Arizona, LLC.

28. Defendants admit the allegations in Paragraph 28 of the Complaint.

29. Defendants admit the allegations in Paragraph 29 of the Complaint.

30. Defendants admit the allegations in Paragraph 30 of the Complaint.

31. Defendants admit the allegations in Paragraph 31 of the Complaint.

32. Defendants admit the allegations in Paragraph 32 of the Complaint.

33. Defendants admit the allegations in Paragraph 33 of the Complaint.

34. Defendants admit the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants admit the allegations in Paragraph 37 of the Complaint.

38. Defendants admit the allegations in Paragraph 38 of the Complaint.

39. Defendants admit the allegations in Paragraph 39 of the Complaint.

40. Defendants admit the allegations in Paragraph 40 of the Complaint.

41. Defendants admit the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants admit the allegations in Paragraph 47 of the Complaint

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants admit the allegations in Paragraph 50 of the Complaint.

51. Defendants admit the allegations in Paragraph 51 of the Complaint

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

## COUNT ONE

55. Defendants incorporates each allegation and response contained in the previous paragraphs as though fully set forth herein.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

## COUNT TWO

59. Defendants incorporates each allegation and response contained in the previous paragraphs as though fully set forth herein.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

## COUNT THREE

63. Defendants incorporates each allegation and response contained in the previous paragraphs as though fully set forth herein.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

Defendants state that anything not expressly responded to in this Answer to the Complaint should be deemed denied.

## AFFIRMATIVE DEFENSES

1. Defendants were acting in good faith and in conformity of state and federal law when they withheld wages to recoup money and property owed by the Plaintiff.

2. Plaintiff has unclean hands, as Plaintiff theft and fraud from the Defendants provided a reasonable basis for Defendants to withhold wages.

## COUNTERCLAIMS

Defendants, Custom Plumbing of Arizona, LLC ("Custom Plumbing"), and Vincent Hils ("Hils"), (collectively "Counterclaimants") hereby counterclaim against Plaintiff Martin Bermudez ("Counterdefendant" or "Bermudez") and allege as follows:

## JURISDICTION

1. Counterclaimants bring counterclaims against Plaintiff under Rule 13(a) of the Federal Rules of Civil Procedure, as they arise from the transaction or occurrence at issue in the present matter.

2. This Court has subject matter jurisdiction over the state-law counterclaims pursuant to 28 U.S.C. § 1367.

## GENERAL ALLEGATIONS

3. On the evening of June 4, 2021, a Custom Plumbing employee, Jessie Green, was working late at the Custom Plumbing office when his wallet fell out of his pocket.

4. In Mr. Green's wallet was $500 in petty cash from Custom Plumbing.

5. The next morning, June 5, 2021, Mr. Green realized his wallet was missing and that he likely left his wallet at work.

6. Mr. Green checked the live office surveillance footage from his home and waited for the first employee to arrive to have the employee search for his missing wallet.

7. Mr. Green saw Bermudez was the first employee to arrive in the office and turned on all the lights. Bermudez then walked to the desk Mr. Green was sitting at the night before, looked at the desk chair, grabbed Mr. Green's wallet, and placed it in his back pocket.

8. Mr. Green waited about twenty minutes and called Bermudez to ask if he had seen the wallet, to which Bermudez said he had not.

9. Surveillance footage then shows Bermudez walking out the office with the wallet clearly visible in his possession.

10. After Custom Plumbing management reviewed the surveillance footage, Bermudez was terminated from his employment.

11. Custom Plumbing requested that Bermudez return his company issued laptop prior to receiving his final paycheck.

12. Bermudez never denied to Custom Plumbing that the laptop was in his possession but has ignored all requests to the return the company property.

13. Custom Plumbing has withheld Bermudez's final paycheck as reimbursement for the conversion of company property and the theft of company money.

14. After Bermudez was terminated from his employment, Custom Plumbing learned of additional funds company funds that are missing.

15. In May of 2021, a Custom Plumbing customer was invoiced $18,487.16 for plumbing services and wrote a check to Custom Plumbing.

16. Bermudez told the customer there would be a discount if the customer paid $17,000 in cash.

17. The customer paid the $17,000 in cash to Bermudez and canceled the check.

18. Bermudez documented the account was paid in full in the Custom Plumbing computer system and signed a paid in full receipt for the customer.

19. The cash was never deposited in the Custom Plumbing business account, and Custom Plumbing identified the accounting discrepancy when preparing their financials.

20. Custom Plumbing called the customer to inquire about the payment and Custom Plumbing learned of the unauthorized cash discount that Bermudez had offered, and the money Bermudez had taken.

### **FIRST CAUSE OF ACTION: CONVERSION**

21. Plaintiff incorporates each allegation contained in the previous paragraphs as though fully set forth herein.

22. While Bermudez was employed by Custom Plumbing, he was issued a company laptop computer for him to perform his work duties.

23. Bermudez was permitted to take the laptop home to complete his work, but the computer remained the property of Custom Plumbing.

24. Upon Bermudez's termination from Custom Plumbing, Bermudez was asked to return the company property.

25. Bermudez refused to return the company laptop.

26. Bermudez's conversion of company property has denied Custom Plumbing the use of their laptop computer.

27. Custom Plumbing has been damaged by Bermudez's failure to return the company property in an amount to be proven at trial, but no less than $1,000.

## SECOND CAUSE OF ACTION: THEFT

28. Plaintiff incorporates each allegation contained in the previous paragraphs as though fully set forth herein.

29. Bermudez took possession of a wallet that Bermudez knew did not belong to him.

30. The wallet contained $500 in petty cash belonging to Custom Plumbing.

31. Bermudez was confronted with his possession of the wallet containing the $500 in petty cash, and Bermudez denied his actions.

32. Bermudez exited the Custom Plumbing office with the wallet in his possession, and never return the wallet and its contents, including $500 that belonged to Custom Plumbing.

8

33. Bermudez's theft of the company funds has damaged Custom Plumbing in an amount to be proven at trial, but no less than $500.

### THIRD CAUSE OF ACTION: EMBEZZLEMENT

34. Plaintiff incorporates each allegation contained in the previous paragraphs as though fully set forth herein.

35. When collecting payment for services rendered by Custom Plumbing, Bermudez falsely claimed the customer would receive a discount for paying cash.

36. The customer paid Bermudez $17,000 in cash, which Bermudez did not deposit in the Custom Plumbing account.

37. Upon information and belief, Bermudez kept for himself the cash intended for Custom Plumbing.

38. Custom Plumbing as been damaged by Bermudez's embezzlement of company funds in an amount to be proven at trial, but no less than $18,487.16.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. For the Court to find Counterclaimants were acting in good faith and in within state and federal law and dismiss Plaintiff's claims against Custom Plumbing, and Vincent and Kim Hils;

B. For the return of Counterclaimants' company property;

C. For all of Counterclaimants' damages in an amount to be proven at trial, but not less than $18,987.16;

D. For the Court to award prejudgment and post-judgment interest on damages awarded;

E. For all of Counterclaimants' costs and fees, including all attorneys' fees and litigation related expenses incurred because of Martin Bermudez's acts; and

F. For such other relief as this Court deems just and proper.

Respectfully submitted this 5th day of July, 2022.

**STONE CANYON LAW, PLC**
*/s/ Ryan D. Bailey*
Ryan D. Bailey, Esq. (No. 036684)
Taylor W. Tondevold, Esq. (No. 032996)
*Attorney for Defendants*