**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Martin Bermudez,<br><br>  Plaintiff,<br><br>     v.<br><br>Custom Plumbing of Arizona LLC, et al.,<br><br>  Defendants. | No. CV-22-00475-PHX-MHB<br><br>**ORDER** |
| Custom Plumbing of Arizona, LLC, et al.,<br><br>  Counterclaimants,<br><br>     v.<br><br>Martin Bermudez,<br><br>  Counter-Defendant. | |

   Pending before the Court is Defendants/Counterclaimants' Motion for Default Judgment against Plaintiff/Counter-Defendant Martin Bermudez pursuant to Rule 55 of the Federal Rules of Civil Procedure (Doc. 37). A copy of the Motion was mailed to Plaintiff/Counter-Defendant on January 2, 2023 (Doc. 37 at 4).

   On March 25, 2022, Plaintiff filed a Complaint alleging a claim for unpaid wages pursuant to the Fair Labor Standards Act, the Arizona Minimum Wage Act, and the Arizona Wage Act. Specifically, Plaintiff claimed that Defendants failed to compensate him for the final workweek that Plaintiff worked for Defendants.

   On July 5, 2022, Defendants/Counterclaimants filed an Answer and Counterclaim

alleging conversion, theft, and embezzlement. Specifically, Counterclaimants claimed that Counter-Defendant refused to return company property, stole a wallet containing $500 belonging to Counterclaimants, and embezzled $17,000 in cash from Counterclaimants. The record reflects that the Answer and Counterclaim were served on Counter-Defendant by U.S. Mail. Counter-Defendant failed to file an Answer to the Counterclaim, and Counterclaimants filed an Application for Default on September 13, 2022. The record reflects that said Application was served on Counter-Defendant by U.S. Mail.

On September 12, 2022, Defendant Vision Solar filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) alleging that there were no allegations made against Vision Solar in the Complaint. As such, Vision Solar contended that dismissal is appropriate since Plaintiff had failed to state a claim upon which relief can be granted. Plaintiff failed to respond to Vision Solar's Motion to Dismiss or, otherwise, address any of the arguments raised therein.

On November 5, 2022, Defendants filed a Motion to Dismiss for Failure to Prosecute. In their Motion, Defendants claimed that Plaintiff had failed to respond to numerous communication attempts, had failed to respond to the Court's Order to Show Cause, and had prohibited the current litigation from moving forward. Due to Plaintiff's failure to prosecute and failure to comply with the Court's orders, Defendants argued that Plaintiff's claims should be dismissed with prejudice. Plaintiff failed to respond to Defendants' Motion to Dismiss or, otherwise, address any of the arguments raised therein.

The Court thereafter granted Vision Solar and Defendants' Motions. In the same Order, and finding that Plaintiff has failed to plead or otherwise defend within the time allowed, and pursuant to Counterclaimants' Application for Default Entry, the Court directed the Clerk of Court to grant Counterclaimants' Application for Default filed on September 13, 2022 at Doc. 25. The Clerk of Court subsequently entered default against Counter-Defendant Martin Bermudez pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on December 6, 2022.

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party must apply to the court for a default judgment, according to Rule 55(b)(2), however, the district court has discretion to grant default judgment. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (considering lack of merit in plaintiff's substantive claims, the court did not abuse its discretion in declining to enter a default judgment).

When deciding whether to grant default judgment, the Court considers the following Eitel factors: "(1) the possibility of prejudice to the plaintiff[;] (2) the merits of the plaintiff's substantive claim[;] (3) the sufficiency of the complaint[;] (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect[;] and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Having considered the factors set forth above, the Court finds that the factors weigh in favor of granting Counterclaimants' Motion for Default Judgment against Counter-Defendant Martin Bermudez. In their Motion for Default Judgment, Counterclaimants assert that their claim is for a sum certain and/or a sum for which computation can be made certain, which is the principal sum of $17,806.07 plus post-judgment interest on the foregoing from the date of entry of judgment until paid in full. Counterclaimants break down the damages as follows: "$17,000 Bermudez embezzled from Custom Plumbing; $1,016.29 for the laptop computer Bermudez refused to return to Custom Plumbing; and $500 in petty cash that Bermudez stole from Custom Plumbing. Subtracted from Custom Plumbing's total damages is the $710.22 final paycheck that was withheld by Custom Plumbing." Counterclaimants also seek attorneys' fees in the amount of $5,530.00. The sought amounts are supported by the exhibits and affidavits filed with Counterclaimants' Motion. (Docs. 37-1, 37-2, 37-3.) The Court therefore finds that entry of default judgment in the amount of $23,336.07 is proper.

\\\

\\\

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants/Counterclaimants' Motion for Default Judgment against Plaintiff/Counter-Defendant Martin Bermudez pursuant to Rule 55 of the Federal Rules of Civil Procedure (Doc. 37) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants/Counterclaimants are awarded judgment, as follows:

A. An award of damages in the amount of $17,806.07 plus post-judgment interest at the statutory rate of ___% from the date of this Order;

B. An award of attorneys' fees in the amount of $5,530.00;

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter in its entirety.

Dated this 17th day of February, 2023.

_____
Honorable Michelle H. Burns
United States Magistrate Judge